Tbe decision of the court below was affirmed by the Supreme Court on November 2, 1874, in the following opinion :
Per Curiam.
Steck, the assignee of McCurdy’s mortgage, lent the money to Simpson. He testified that he had no interest in the suit — that Simpson was the interested party — that the money paid on the mortgage was to be paid on the judgment he took from Simpson for the money thus lent, and the judgment was assigned to Lloyd, Hull & Co , and the money, when paid on the mortgage, was to be applied to this judgment. It is also admitted in the statement *157 and counter-statement that this suit on the mortgage is for the benefit of Simpson. Thus the controversy is really between Simpson, who had become bail for stay of execution for Gad. H. Tower, and Bryant, the assignee of Gad H. Tower, of a mortgage Tower had taken from Shepley (the terre-tenant) for the purchase money of the premises mortgaged by Conner to McCurdy — Tower having bought of Conner and assumed the payment of Conner’s mortgage to McCurdy, and afterward having sold to Shepley without notice of the Conner mortgage. Simpson paid the money he obtained from Steck to McClure, and thus obtained the assignment of the Conner mortgage by McClure to Steck. This was done by Simpson under the stress of an execution on a judgment of McClure upon Tower’s check to be applied to the mortgage. The real question is, therefore, whether Simpson’s equity ? as bail for Tower, is superior to the equity of Shepley, the terretenant, to whom Tower was liable on his covenant against incumbrances. Bail for stay of execution does not stand in equal equity with third persons whose rights accrued before he became bail. The reason given is, that bail who intervenes in order to hinder execution, has no equity against others who may be injured by arresting the execution. But for this the debt might be paid by the debtor, or out of his property: Armstrong’s Appeal, 5 W. & S. 356. Then the case stands thus : Sh'epley, by his purchase of the premises encumbered by the McClure mortgage, which was Tower’s own debt by assumption, was éntitled to be protected by Tower, who was liable to him on the covenant in his deed against incumbrances. This was in 1867, and long before Simpson became bail. Tower had also assigned the mortgage he had taken of Shepley to Bryant, an innocent purchaser. This mortgage not being Tower’s, if Shepley asserted his right to defalk the McCurdy mortgage against his own, the loss would fall on Bryant. Now, Simpson, the bail of Tower for the stay, prevented the payment of Tower’s judgment to McCurdy, which would have satisfied McCurdy’s mortgage against Conner. He could assert his equity, therefore, only against Tower, and not against Shepley and Bryant, who stood before Tower and on a higher grade of equity. Tower being liable to both by a prior liability, stood below both and bound to satisfy the McCurdy mortgage. It is evident, therefore, that Simpson, as bail for *158 Tower, had no equity to keep the McCurdy mortgage on foot to the prejudice of either Shepley or Bryánt, and could not, therefore be permitted to take an assignment for that purpose in his own name, or of another for his use, upon the payment of money by him as bail, which would, by satisfying the judgment, also satisfy the mortgage. In effect, therefore, the money paid by Simpson to McClure was payment of the mortgage.
Judgment 'affirmed.